IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN MICHAEL MILLER, JR., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: SAG-24-2782 |
| COMMISSIONER SMITH, et al., | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

The above-entitled Complaint was filed on September 26, 2024, together with a Motion to Proceed in Forma Pauperis (ECF No. 2), which the Court now grants. For the reasons discussed below, Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff John Michael Miller, Jr., is a pretrial detainee, currently confined at the Harford County Detention Center, and has filed this Complaint pursuant to 42 U.S.C. § 1983. He asserts that Defendants, Commissioners Smith and Bryant and Assistant State's Attorney Heather M. Shek, have conspired to violate his civil rights by denying him the right to file criminal charges against his wife. ECF No. 1.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations … It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

To state a cognizable claim under 42 U.S.C. § 1983 there must be an allegation that a person acting at the direction of the State has deprived the plaintiff of a right secured by the United States Constitution or another federal law.[1] *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

---

[1] Section 1983 provides in pertinent part that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured ..." 42 U.S.C. §1983.

committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Loftus v. Bobzien*, 848 F.3d 278, 284-85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

The instant Complaint does not allege that Plaintiff has been deprived of anything to which he is entitled under the Constitution or federal law. To the extent Plaintiff seeks the criminal prosecution of his wife, he has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3rd Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert denied*, 133 S.Ct. 1263 (Mem 2013); *Speight v. Meehan*, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

Additionally, this cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Judicial immunity extends to any action brought against a judicial officer for an act taken in the officer's judicial capacity. *Pulliam v. Allen*, 466 U.S. 522 (1984). Court commissioners are entitled to absolute immunity for acts taken in their judicial capacity. *See Pressly v. Gregory*, 831 F. 2d 514, 517 (1987). "[I]mmunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id*. Plaintiff's claim against Commissioners Smith

3

and Bryant is not cognizable because the decision whether to file criminal charges are actions which naturally fall within the commissioners' judicial capacity.

Similarly, Plaintiff's claim asserted against Assistant State's Attorney Shek may not proceed because she too is immune from suit. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." In short, the decisions as to whether, when, and how to prosecute pertain to the role of advocate. Therefore, on the face of the suit, Assistant State's Attorney Shek enjoys absolute immunity regarding her decision not to prosecute Plaintiff's wife. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior

4

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020); *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

By separate Order which follows, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim.


<u>November 21, 2024</u>                                         _____/s/_____
Date                                                                          Stephanie A. Gallagher
                                                                                   United States District Judge